UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA JO JONES,

        Plaintiff,                              CIVIL ACTION NO. 08-12412

      v.                                      DISTRICT JUDGE DENISE PAGE HOOD

COMMISSIONER OF                    MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This is an action for judicial review of the defendant's decision denying plaintiff's application for Social Security disability benefits. Plaintiff alleged that she became disabled as of April 30, 2003, due to depression and back pain. Following a hearing before an ALJ[1], the defendant found that plaintiff could not perform her past relevant work, but retained the residual functional capacity to perform a restricted range of light work that permitted her a sit/stand option. Plaintiff contends that the hypothetical question to the vocational expert was flawed because the residual functional capacity (RFC) was wrong. Plaintiff does not challenge that physical RFC but does argue that the ALJ failed to discuss the April, 2004 findings of the state agency reviewers with respect to plaintiff's mental impairments. Defendant contends that the decision is supported by substantial evidence because the ALJ found several "severe"

---

[1] The hearing was rescheduled because plaintiff failed to appear for her first hearing. (Tr. 232-237)

impairments; his step three finding was consistent with every medical opinion and treatment in the record; the ALJ's RFC finding was consistent with examining and reviewing psychologists and with plaintiff's own treating mental health professionals. For the reasons discussed in this Report, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the defendant's decision denying benefits be affirmed.

Plaintiff was 48 at the time she filed for benefits and 53 years old at the time of the date of the ALJ's opinion. She had at least a high school education, and past work experience as an inspector, assembler, and semi-skilled work as a machine operator. (Tr. 198-203) There were no transferable skills. The ALJ found that plaintiff had the severe impairments of major depression, recurrent, without psychotic features; hypertension; and lumbar disc disease with a bulging disc at L4-5. The ALJ asked the VE to assume a person of the same age, education, and background of plaintiff. If such a person could perform a restricted range of light work which permitted her to sit or stand at will, and was restricted from climbing ladders, ropes or scaffolds, crouching or kneeling, but was able to balance frequently and must avoid all exposure to unprotected heights and was further limited to work that consists of simple, routine, repetitive tasks that involve only occasional interaction with the public and co-workers, the VE concluded that such a person could not perform plaintiff's past work. However, there were similar positions that she could do. These jobs would include work as a security guard (6,100 jobs regionally), assembler (9,000 jobs regionally), machine operator (5,600 jobs regionally), and inspector (4,700 jobs regionally). (Tr. 227) Plaintiff receives approximately $2,400/month from her former employer General Motors. (Tr. 205)

The issue before the court is whether to affirm the Commissioner's determination. In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938). The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy. Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

**Mental Health Evidence**

Plaintiff treated at the Vincent Medical Clinic for her physical complaints and complaints of anxiety. (Tr. 126) Plaintiff reported "severe nerve patterns" in December and was given

Xanax for anxiety. (Tr. 125) In February, 2003, she reported going through menopause with hot flashes and anxiety. (Tr. 125) In May, 2003, plaintiff admitted herself for in-patient psychiatric care. Dr. Venkat Talasila, M.D., diagnosed major depression, single episode, severe, without psychotic features; history of poly-substance abuse. She had a GAF of 30. (Tr. 177) Plaintiff explained that she had work stressors, a sick daughter, and a son in jail. (Tr. 172) She did have some thoughts about harming herself but denied suicidal and homicidal ideation. (Tr. 172) Her concentration was fair. (Tr. 177) She received counseling and medication (Lexapro) and was discharged after four days. At discharge, her GAF was 60. She was to continue her medication and out-patient therapy. (Tr. 173) The clinic reported that she could not do any work since September 8, 2003, and she would be able to return to work by November 7, 2003.

In April, 2004, plaintiff was evaluated by Margaret Cappone, Ph.D., at the request of the state agency. (Tr. 128-131) Plaintiff reported that she had previously been hospitalized about ten years before. (Tr. 129) She has been in counseling on several occasions. Her depression was getting worse; she was irritable, agitated, and did not like being around other people. Plaintiff had good contact with reality and her thoughts were spontaneous, logical and organized. (Tr. 130) She did report feeling tearful, sad and disappointed. Dr. Cappone, based on plaintiff's self report, concluded that the feelings of anxiety were symptoms of Bipolar II disorder. Plaintiff's GAF was assessed as 50. (Tr. 131)

Also in April, 2004, Dr Julia Crowther, Ph.D., reviewed plaintiff's records for the state agency. (Tr. 132-150) With respect to the "B" criteria of Listing 12.04, plaintiff had no restrictions of daily living and no episodes of decompensation. (Tr. 142) She had moderate difficulties in maintaining social functioning, and in maintaining concentration, persistence, and pace. (Tr. 142) Dr. Crowther opined that plaintiff retained the ability to do unskilled tasks on a

sustained basis and would do best in a job situation where demands for interaction with co-workers were minimal. (Tr. 144, 148)

**Plaintiff's Arguments**

Plaintiff contends the hypothetical was flawed because it did not take plaintiff's mental impairments into account. She lists a number of sub-issues that she contends relate to this claim.

> **A. Plaintiff argues that the ALJ erred at Step Two in not finding bipolar disorder as a separate severe impairment in addition to mental depression.**

This argument is meritless. It is unnecessary to decide such a question when the ALJ proceeded to the next step and fully evaluates plaintiff's appropriate mental or physical residual functional capacity. See, Maziarz v. Secretary of HHS, 837 F.2d 240, 244 (6th Cir. 1987). In addition, the ALJ fully considered all of the mental evaluations and treatment records in assessing plaintiff's mental impairments. Here, plaintiff's treating physician Dr. Taliasila diagnosed major depression, recurrent, moderate without psychotic features. The ALJ diagnosed depression, recurrent. It should be noted that there are no records of any manic events in the evidence consistent with bipolar; recurrent depression accurately describes plaintiff's mental condition. (Tr. 135) It is not the diagnosis but the impact of the condition on plaintiff's ability to work which is significant. See Young v. Secretary of HHS, 964 F2d 146, 151 (6th Cir. 1990).

> **B. Plaintiff argues that the ALJ erred in finding at Step Three only a "mild" limitation of concentration, persistence and pace, rather than Dr. Crowther's opinion of "moderate" difficulties. (Tr. 21, 142)**

At step three, the ALJ's responsibility is to determine whether plaintiff's impairments meets the Listings, in this case Listing 12.04. (Tr. 132) Whether characterized as mild or moderate, the ALJ was correct in determining that plaintiff did not meet the Listing because anything less than "marked" does not meet the "B" criteria of the Listing. Even if the restriction

should be moderate, no other criteria are established.  The reviewer assessed that plaintiff had no restriction of activities of daily living, and no episodes of decompensation.  There were moderate difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, and pace.  (Tr. 142, 146)  As the reviewer noted, plaintiff had moderate limitations but continues to care for her daughter, shops, makes easy meals, handles finances, and takes care of her own needs.  "She can do unskilled tasks within her physical capacity on a sustained basis.  Will do best in a work situation where the demand for frequent interaction with others is minimal."  (Tr. 148)

### C. Plaintiff argues that the ALJ never mentions or discusses Dr. Crowther's records.

This argument is specious.  The ALJ directly refers to Dr. Crowther's report when he gave "significant weight to the opinion of the State agency doctors." (Tr. 21) The ALJ found the doctors reported that plaintiff "had a mood disorder that would allow her to perform simple, unskilled work." (Tr. 21, 146-148)  The findings of the ALJ are consistent with the doctors' opinion and no error is shown.

**Conclusion**

Because the ALJ's findings reasonably accommodated all the restrictions and limitations imposed by examining and reviewing physicians and was consistent with the medical evidence, there was no flaw in the hypothetical.  Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying disability benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: March 12, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 12, 2009.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan